### BIGELOW *v.* SHEEHAN.

ATTORNEY AND CLIENT — COMPENSATION — FRAUDULENT CONVEY-
ANCES.

> The attorneys for a complainant who obtains a decree of spe-
> cific performance for the conveyance of lands are entitled to a
> lien for their compensation upon the proceeds thereof, after
> a subsequent judicial sale on creditor's bill and bill in aid of
> execution against their client, and where they were retained
> by one of the parties in interest for a percentage of the pro-
> ceeds, and the parties were acting in concert to effect a
> common purpose, which all understood, their right to the
> stipulated proportion of the funds is enforceable against the
> one who, by the decree, was vested with the title to the
> premises.

Appeal from Wayne; Mandell, J. Submitted April 21,
1910. (Docket No. 160.) Decided June 6, 1910.

Creditors' suit by Albert E. Bigelow and Charles A.
Bigelow against Robert C. Sheehan, John L. Murphy,
and others. Petition by Alfred Lucking and Howard B.
Bloomer for an allowance of attorneys' fees under the
terms of a decree entered in the Supreme Court. From a
decree for petitioners, defendants appeal. Affirmed.

*Emmons & Helfman,* for petitioners.

*Walker & Spalding,* for defendants.

A reference to the opinions of this court in *Sheehan* v.
*Farwell,* 135 Mich. 196 (97 N. W. 728), and in *Bigelow*
v. *Sheehan,* 150 Mich. 507 (114 N. W. 389), will serve
here in place of a more extended statement of facts.
The petitioners in the case at bar claimed a lien upon the
proceeds of the recovery in the principal suit for profes-
sional services, and by the decree of this court in the prin-
cipal case were expressly given leave to present their de-

mand for allowance to the circuit court for the county of Wayne, in chancery, and to have the amount allowed to them paid out of the fund in court. They filed their petition, which was answered by defendants Murphy and Sheehan, and upon a hearing, at which testimony was introduced, a decree was entered allowing them the sum of $6,776.20 and interest thereon from June 9, 1907, a total of $7,623.22. Defendants have appealed.

It is not claimed that petitioners are not entitled to fair pay for the services they rendered. It is claimed that no evidence of the value of those services was produced. The testimony relied upon by petitioners was offered to prove the case made by their petition, which was that on or about July 1, 1901, Calvin A. Cook and Robert C. Sheehan appointed and retained petitioners to begin and conduct to a final conclusion a suit to compel the Farwells to convey to said Sheehan certain lands in Wayne and Montmorency counties, Mich.; that Cook personally retained petitioners, and Sheehan confirmed and endorsed his action. Petitioners, after being retained, and for the purpose aforesaid, filed a bill of complaint in the circuit court for the county of Wayne, in chancery, and conducted the suit to a conclusion favorable to said Sheehan. The agreement for compensation was that petitioners were to receive 20 per cent. of the result and outcome of the litigation, which was more than $30,000. They assert an equitable lien upon the lands and the proceeds of the sale of them. Their services were reasonably worth 20 per cent. of the recovery. Petitioners prepared their bill in the first instance with Cook as the complainant, but later concluded that Sheehan was the proper complainant, and in the bill which was filed he was so named. Sheehan signed the bill; Cook was made a defendant and employed counsel who answered the bill.

The court below held the contract relation established. No testimony was introduced upon the subject of the labor expended or the value of the services rendered. There is no testimony tending to prove that defendants

had any knowledge of the alleged contract until after the litigation was practically ended. It is said in the brief for appellants that the only theories according to which the contract and the decree can be sustained are:

(1) That as creditors of Cook the transfer of the lands to Sheehan was a fraud upon petitioners.

(2) That Cook, in making the contract, was Sheehan's agent by previous authority or by ratification.

(3) That the contract created a lien for the amount for which it called upon the fund in court.

In asserting that neither of these theories is supported by facts, it is said that the effect of the decision in *Sheehan* v. *Farwell* was to vest the title to the lands in Sheehan, and the effect of the decision in *Bigelow* v. *Sheehan* was that Sheehan held the title subject to the claims of Cook's creditors, defrauded by the transfer by Cook to Sheehan; that petitioners, who were Sheehan's solicitors in the first-named case, cannot claim that they were defrauded by a transfer they sustained, have not shown that Cook was agent of Sheehan in making the contract or ever ratified his act; that the contract, unrecorded and unknown to Sheehan, cannot be held to create a lien upon the lands.

OSTRANDER, J. (*after stating the facts*). We are of opinion that in this case, as in *Bigelow* v. *Sheehan,* it should be said that Mr. Sheehan was not a bona fide purchaser of the lands; that Sheehan, Cook, and Murphy were working together to effect a common purpose; that it is a fair inference that each understood what that purpose was. The finding of this court in that case was that Sheehan, Murphy, and Cook understood that Sheehan was, in fact, acting as trustee for Cook. It was said, also, that the decree in *Sheehan* v. *Farwell* is not *res adjudicata* of the validity of the title of Sheehan as to Cook's creditors. If Cook made the contract with petitioners which they say was made, and the fact does not appear to be questioned, it is not very important whether Sheehan did or did not

know about it. It is by virtue of it and of services performed in its execution, and in furtherance of a common purpose, that Sheehan is possessed of a title to the lands and their proceeds. As to the costs and expenses incurred by Cook to bring about the creation of a fund for Sheehan, Sheehan is still the trustee of Cook. In no sense were Sheehan and Cook adversaries. It would be inequitable to permit Sheehan, or Murphy, or both of them, to take the fund discharged of the cost of its creation, a cost which Cook agreed should be paid.

We affirm the decree, with costs to appellees.

HOOKER, MOORE, BLAIR, and STONE, JJ., concurred.